**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKIE SLAUGHTER,

    Plaintiff

v.

WILLIAM GITTERE, et. al.,

    Defendants

Case No.: 3:17-cv-00666-RCJ-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 31

    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Defendants' Motion for Summary Judgment. (ECF Nos. 31, 31-1 to 31-7.) Despite being given an extension of time (ECF No. 34), Plaintiff did not file a response.

    After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are William Gittere, Veronica Loftus, and Stephen Mollet.[1]

    On screening, Plaintiff was allowed to proceed with retaliation claims against Defendants. (ECF No. 4.)

---

[1] Plaintiff was also allowed to proceed against Doe defendants, but he never identified them; therefore, the court recommends dismissal of the Doe defendants.

  Plaintiff alleges that he previously filed a grievance against Gittere for covering up instances of retaliation against him. Then, on September 10, 2016, Officers Loftus, Mollet, and John Does entered Plaintiff's unit, and then Mollet manually shut off the water and plumbing in Plaintiff's cell. He then peered into Plaintiff's cell and stated, "special delivery." Plaintiff was then searched while Mollet, Loftus and the John Does conducted a "shake down" of his cell, destroying his legal documents and grievances. Plaintiff asked why they were trashing his cell, and Mollet replied they were doing so at the instruction of Gittere. Plaintiff requested an emergency grievance from Mollet, so he could complain of a retaliatory "shake down," and Mollet replied, "well good luck with that and getting your water turned back on." Later that day, Mollet again refused Plaintiff's request to turn the plumbing back on, and stated, "you want to file a grievance on me, so I'm not helping you. That is what grievances get you—pissed off officers."

  Plaintiff was allowed to proceed with the retaliation claim against Mollet related to refusing to turn his plumbing back on after Plaintiff requested a grievance. He was also allowed to proceed with the retaliation claim against Gittere, Mollet, Loftus and the John Does based on allegation that Plaintiff had filed a grievance against Gittere for covering up retaliation, and then these defendants purposefully destroyed his legal documents and grievances at the direction of Gittere during the cell "shake down." (ECF No. 4.)

  Defendants move for summary judgment, arguing that Plaintiff cannot support his retaliation claims, and that they are entitled to qualified immunity. Plaintiff did not file a response.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Requests for Admission**

On April 12, 2018, Plaintiff filed a notice of change of address indicating a new address at the Saguaro Correctional Center in Arizona. (ECF No. 3.) On July 25, 2019, Defendants served Plaintiff with requests for admission and interrogatories at his new address of record, and Plaintiff did not respond. (ECF No. 31-5.)

A failure to respond to requests for admission results in admission of the matter requested. Fed. R. Civ. P. 36(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Therefore, the matters in Defendants' requests for admission served on Plaintiff, to which Plaintiff did not respond, are deed admitted and conclusively established under Rule 36.

**B. Retaliation Standard**

"Section 1983 provides a cause of action for prison inmates whose constitutionally protected activity has resulted in retaliatory action by prison officials." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Such a claim consists of five elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Jones*, 791 F.3d at 1035 (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005))

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Id.* (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)).

**C. Analysis**

Defendants present the following evidence, which is admitted and conclusively established as a result of Plaintiff's failure to respond to Defendants' request for admission:

On September 10, 2016, Plaintiff was housed in unit 5B at ESP, in cell 32-A. (ECF No. 31-5 at 3, request for admissions (RFAs) 2, 3, 4.) Under AR 422, inmate cells may be searched periodically, randomly, or when based on reasonable suspicion or probable cause that contraband is present. (ECF No. 31-5 at 4, RFA 5.) ESP staff searched multiple cells in plaintiff's unit on September 10, 2016. (ECF No. 31-5 at 4, RFA 7.) Plaintiff did not file a grievance alleging Gittere was retaliating against him before the cell search that day. (ECF No. 31-5 at 5, RFA 21.) On September 10, 2016, the water in Plaintiff's cell was turned off to assist in the cell search. (ECF No. 31-5 at 4, RFA 8.)

Mollet never stated: "I've got orders to shake you down." (ECF No. 31-5 at 4, RFA 9.) Mollet never said that Gittere ordered him to target Plaintiff. (ECF No. 31-5 at 4, RFA 10.) Gittere was not present during the search, and Plaintiff never heard Gittere order Mollet to target Plaintiff. (ECF No. 31-5 at 4, RFAs 11, 12.) Mollet never stated: "Well good luck with that and getting your water turned back on." (ECF No. 31-5 at 4, RFA 14.) Mollet never said: "You want to file a grievance on me, so I'm not helping you." (ECF No. 31-5 at 5, RFA 15.)

ESP Operating Procedure (OP) 420.3 permits officers to conduct unclothed body searches of prisoners prior to a random cell search. (ECF No. 31-5 at 5, RFA 18.) Officer Loftus did not search Plaintiff's cell on September 10, ,2016. (ECF No. 31-5 at 5, RFA 17.)

After the cell search, Plaintiff continued to file grievances. (ECF No. 31-5 at 5, RFA 19.) NDOC has a legitimate correctional goal of preventing inmates from possessing weapons. (ECF No. 31-5 at 5, RFA 20.) The cell search that day advanced a legitimate correctional goal. (ECF No. 31-5 at 5, RFA 23.) Plaintiff has no evidence that Gittere ordered Mollet to target Plaintiff. (ECF No. 31-5 at 6, RFA 25.) The cell search would not have chilled a person of ordinary firmness from exercising his First Amendment rights. (ECF No. 31-5 at 6, RFA 30.)

Defendants have conclusively established that they did not retaliate against Plaintiff because the water was turned off in plaintiff's cell and the search of the cell was performed not because of any protected conduct, but for legitimate correctional reasons. In addition, Loftus did not participate in the cell search, and there is no evidence that Gittere ordered Plaintiff to be targeted. Therefore, summary judgment should be granted in Defendants' favor.

**B. Doe Defendants**

Plaintiff never identified the Doe defendants; therefore, they should be dismissed.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** the Doe Defendants from this action; and **GRANTING** Defendants' motion for summary judgment (ECF No. 31).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 19, 2020

*William G. Cobb* (signature)
William G. Cobb
United States Magistrate Judge